# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| OSAMA MOSTAFA BEDIER, ) | |
| ) | No. 1:07cv2131 (PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL B. MUKASEY, Attorney General ) | |
| of the United States, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendants the United States Attorney General, et al., through undersigned counsel, respectfully move pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a) to dismiss this action for improper venue or to transfer it to the Northern District of California. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum. A proposed order is submitted herewith.

Dated: January 25, 2008        Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　/s/ Robin M. Meriweather
　　　　　　　　　　　　　　　ROBIN M. MERIWEATHER, D.C. Bar # 490114
　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　555 Fourth St., N.W.
　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　Phone: (202) 514-7198     Fax: (202) 514-8780
　　　　　　　　　　　　　　　Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Deborah Goodwin
Associate Regional Counsel
United States Citizenship and Immigration Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
OSAMA MOSTAFA BEDIER,               )
                                    )   No. 1:07cv2131 (PLF)
            Plaintiff,              )
                                    )
      v.                            )
                                    )
MICHAEL B. MUKASEY, Attorney General)
of the United States, et al.,       )
                                    )
            Defendants.             )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

**BACKGROUND**

Plaintiff Osama Mostafa Bedier, a citizen of Egypt, seeks adjudication of his naturalization application or an order compelling Defendants to adjudicate his naturalization application within sixty days. See Compl., Prayer ¶¶ 2-3. Bedier filed an N-400 naturalization application with the United States Citizenship and Immigration Services ("USCIS") California Service Center on May 5, 2005, and was interviewed on September 28, 2005. See id. at 3 & Exh. 1. After that interview, Bedier was told that his naturalization application could not be approved until USCIS had completed a national security background investigation. See id. Exhs. 4-5.

Plaintiff initiated this action on November 26, 2007. The complaint requests that the Court assume jurisdiction, review the naturalization application de novo, and grant the application. See Compl. at 1-2. In the alternative, Plaintiff requests that the Court compel Defendants to adjudicate his application and schedule an oath ceremony within sixty days. See id., Prayer ¶ 3. Plaintiff also seeks attorney's fees and costs. See id., Prayer ¶ 6.

## ARGUMENT

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not the proper venue for Plaintiff's suit. When reviewing a Rule 12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F.Supp.2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). Nonetheless, a plaintiff bears the burden of establishing that (s)he has initiated the action in the appropriate forum. See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" a plaintiff's assertion of venue. 2215 Fifth St. Assocs. v. U-Haul Int'l, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

Plaintiff initiated this suit in the wrong forum. Section 1447(b) of the Immigration and Nationality Act ("INA") provides in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

8 U.S.C. § 1447(b); see also 8 C.F.R. § 310.5(a) (application for relief shall be made "to the United States District Court having jurisdiction over the district in which the applicant resides"). Accordingly, only applicants who reside in the District of Columbia may seek adjudication or

review in this Court of an alleged delay in completing adjudication of their naturalization applications after the examination has been completed.

Plaintiff is not a resident of this District, and instead resides in San Jose, California. See Compl. at 2. Accordingly, Section 1447(b) did not permit Plaintiff to file his complaint in this Court. See 8 U.S.C. § 1447(b); 8 C.F.R. § 310.5(a). Instead, to the extent any court has jurisdiction to review Plaintiff's claims, it is the United States District Court for the Northern District of California. See Fatayer v. Swacina, No. 07-21660, 2007 WL 2363891, at *1 (S.D. Fla. Aug. 15, 2007) (transferring 1447(b) case to the district in which plaintiff resided).

Plaintiff's reliance on the venue criteria of 28 U.S.C. § 1391 is misplaced. See Compl. ¶ 5. Section 1391(e) is a general venue statute, and does not trump more specific venue provisions that limit the forums in which certain claims may be brought. See 28 U.S.C. § 1391(e) (applying "except as otherwise provided by law"). Here, the INA's special venue provision controls, and requires dismissal of plaintiff's claims. See Fatayer, 2007 WL 2363891, at *1 (concluding section 1391 did not apply to naturalization cases because jurisdiction is limited to the district in which the applicant resides).

Defendants do not concede that the United States District Court for the Northern District of California has jurisdiction to review Plaintiff's claims. The allegations of the complaint suggest that the national security background checks have not been completed. See Compl. ¶ 28. An interview that is conducted before USCIS has received the results of those background checks is not an "examination" for purposes of the INA. See, e.g., Lahrar v. United States Citizenship & Immigration Servs., 485 F. Supp.2d 705, 707-08 (E.D. Va 2007) (concluding "examination" is not complete until background checks have cleared); Martinez v. Gonzales, 463

-3-

F. Supp. 2d 569, 571-73 (E.D. Va. 2006) (same); Damra v. Chertoff, No. 05-0929, 2006 WL 1786246, at *2-*3 (N.D. Ohio June 23, 2006) (same); Danilov v. Aguire, 370 F Supp. 2d 441 (E.D. Va. 2005) (same). Accordingly, a plaintiff who has been interviewed but whose background checks remain pending has not completed the "examination" that triggers the 120-day period referenced in Section 1447(b). See, e.g., Martinez, 463 F. Supp. 2d at 571-73; Dramra, 2006 WL 1786246, at *3. However, this Court need not resolve that question in order to rule on this 12(b)(3) motion, because this District would be an improper forum even if Plaintiff had been "examined" more than 120 days ago.[1]

In the alternative, Defendants request that the Court transfer this case to the United States District Court for the Northern District of California. 28 U.S.C. § 1406(a) permits courts to transfer a case to a district in which venue is proper, if the court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it. 28 U.S.C. § 1406(a); see id. § 1404(a); Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006). As discussed above, the United States District Court for the Northern District of California is the only court in which venue could be proper. Accordingly, if the Court does not dismiss Plaintiff's complaint, it should transfer the case to that district.

---

[1] If Plaintiff re-files this suit in the Northern District of California, Defendants will present their jurisdictional defense in a responsive pleading and/or motion to dismiss submitted to that court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be DISMISSED or, in the alternative, TRANSFERRED to the United States District Court for the Northern District of California.

Dated: January 25, 2008        Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Deborah Goodwin
Associate Regional Counsel
United States Citizenship and Immigration Services

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2008, I caused the foregoing Motion to be filed and served *via* the Court's ECF system or, should I receive notice from the Court that electronic service failed, to be served upon plaintiff by first class mail, postage prepaid, addressed to:

H. Jan Roltsch-Anoll
Szabo, Zelnick & Erickson, P.C.
12610 Lake Ridge Drive
Woodbridge, VA 22192

                _____ /s/ Robin M. Meriweather
                Robin M. Meriweather, DC Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
OSAMA MOSTAFA BEDIER,               )
                                    )   No. 1:07cv2131 (PLF)
            Plaintiff,              )
                                    )
    v.                              )
                                    )
MICHAEL B. MUKASEY, Attorney General)
of the United States, et al.,       )
                                    )
            Defendants.             )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss or Transfer For Improper Venue, it is this _____ day of _____ 2008,

ORDERED that Defendants' Motion to Dismiss or Transfer For Improper Venue be and is hereby GRANTED;

_____ it is further ORDERED that the above-captioned action be and is hereby DISMISSED for improper venue;

_____ it is further ORDERED that the above-captioned action be and is hereby TRANSFERRED to the Northern District of California;

SO ORDERED.

                                        _____
                                        United States District Judge